UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| MAURICE FIELDS, | ) | |
| | ) | |
|     Movant, | ) | |
| | ) | |
| v. | ) | Case No.   CV610-082 |
| | ) |                 CR608-012 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Respondent. | ) | |

## REPORT AND RECOMMENDATION

Maurice Fields, who pled guilty to one count of conspiracy to possess with intent to distribute crack and powder cocaine, moves for 28 U.S.C. § 2255 relief. (Doc. 1.[1]) The government, however, contends that Fields' motion is barred, since he acceded to a limited waiver of his rights to appeal and collaterally attack his conviction and sentence. (Doc. 5 at 2-5, 6-7.)

The plea agreement contains the following provision:

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV610-082. "Cr. doc." refers to documents filed under movant's criminal case, CR608-012.

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

(Cr. doc. 297 at 8.)  Hence, the Court must first determine whether the waiver is valid and then determine its effect on Fields' motion.

"A plea agreement is 'a contract between the Government and a criminal defendant.'"  *Thompson v. United States*, 353 F. App'x 234, 235 (11th Cir. 2009) (quoting *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999)).  Hence,

> it should be given the interpretation that the parties intended. *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005)). . . . "[T]he defendant's knowledge and understanding of the sentence appeal waiver is one of the components that constitutes the 'core concern' of the defendant's right to be aware of the direct consequences of his guilty plea." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993)  (internal quotation marks omitted). To demonstrate that a sentence-appeal waiver is sufficiently

2

> knowing and voluntary to be enforceable, the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the colloquy; or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *Id.*

*Thompson*, 353 F. App'x at 235. As to § 2255 collateral bars,

> "[a]t a minimum, the would-be petitioner must know at the time of the guilty plea that the right to federal habeas review exists, and he must realize he is giving up that right as part of his plea bargain." *Allen v. Thomas*, 161 F.3d 667, 670 (11th Cir. 1998). When a valid sentence-appeal waiver containing express language waiving the right to attack a sentence collaterally is entered into knowingly and voluntarily, it will be enforceable and serve to prevent a movant from collaterally attacking a sentence on the basis of ineffective assistance of counsel. [*United States v.*] *Williams*, 396 F.3d [1340, 1342 (11th Cir. 2005)].

*Thompson*, 353 F. App'x at 235. The sentencing judge discussed the appeal and collateral waiver during Fields' Rule 11 hearing:

| | |
|---|---|
| THE COURT: | Is there any waiver of appeal in this case? |
| MR. McCULLOUGH: | There is a limited appeal waiver, Your Honor. |
| THE COURT: | Let's review that at this point. |
| MR. McCULLOUGH: | Your Honor, as in previous cases you've had this morning, the appeal waiver states that to the extent legally |

|  |  |
|---|---|
|  | permitted the defendant has agreed that he gives up his right to appeal or collaterally attack the sentence in any post conviction proceeding with two exceptions. First of all, if the Court were to exceed the statutory maximum, that is to impose an illegal sentence, he may file a direct appeal. Or, if once the probation officer calculates the guidelines and Your Honor accepts the calculation, if you then, by variance or upward departure go above the advisory guidelines range for any reason, he would retain the right to appeal only that upward departure or variance. |
| THE COURT: | Mr. Ghazi [Fields' defense attorney], is that correct? |
| MR. GHAZI: | Yes, Judge. |
| *Q (By the Court)* | Do you understand what that means Mr. Fields? Normally you have the right to appeal your sentence. But you are giving up the right to appeal in this case. You are giving up the right to appeal about how your lawyer has represented, which is one of the favorite attacks that prisoners have. You are giving up your right that the evidence was not sufficient. You are giving up your right that the judge didn't calculate the guidelines correctly. |

4

|   |   |
|---|---|
|   | You may appeal if I go beyond what the law says that your sentence should be, or if I don't stay within the guidelines. The Court calculates the guidelines. |
|   | Is that what you understood you were giving up? |
| A | Yes, sir. |
| Q | All right. Mr. Fields, has anyone done anything you consider wrong or unfair which has put pressure upon you to plead guilty? |
| A | No, Sir. |
| Q | You are limited in your appeal to those matters that I have just said. If the Court were to go outside of the law or the guidelines in sentencing you, then you would [have] a right to appeal. |
|   | Is that consistent with your understanding? |
| A | Yes, sir. |

(Cr. doc. 338 at 26-28.) Fields then acknowledged that he was bound by and understood the agreement and had gone over the agreement in detail with his attorney. (*Id.* at 29-32.) At sentencing, the presiding judge

imposed a sentence within the advisory guideline range. (Cr. doc. 339 at 20-21.) But he reminded Fields that

> [p]ursuant to the plea agreement, with limited exceptions, the defendant waived all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. The defendant has also waived the right to appeal the sentence on any other ground, and has waived the right to attack the sentence in any post conviction proceeding.

(*Id.* at 23.)

While the district judge did not explicitly reference the collateral attack waiver during the Rule 11 proceedings, and while his explanation of its effect was a bit truncated in that he only discussed the loss of the right to raise claims of ineffective assistance of counsel, it is manifestly clear from the record that Fields was aware of his right to collaterally attack the sentence and realized that he was giving up that right by entering his plea. *Thompson*, 353 F. App'x at 235 (the petitioner must know of his right to federal habeas review and realize that he is giving up that right); *see id.* (a waiver is sufficiently knowing and voluntary to be enforceable where the district judge specifically questioned the defendant about it on the record *or* where it is manifestly clear from the record that the defendant understood the full significance of the waiver). Fields

signed the plea agreement, admitted that he went over it in detail with his attorney, and heard the Assistant United States Attorney's explanation that he had agreed to give up "his right to appeal or collaterally attack his sentence in any post conviction proceeding." (Cr. doc. 338 at 26.)  His "solemn declarations" before the district judge on that score "carry a strong presumption of verity" and rightly constitute a "formidable barrier" to overcome in these collateral proceedings. *Cross v. United States*, 2009 WL 211418 at * 8 (S.D. Ga. Jan. 27, 2009) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).  And Fields has not even attempted to overcome that presumption. *See, e.g., Byrd v. United States*, 2008 WL 4326533 at * 3 n. 5 (S.D. Ga. Sept. 22, 2008).  Indeed, he did not contest the government's construction of the waiver in his reply to the government's response. (Doc. 6.)  Instead, he argues that the plea was not knowing and voluntary because of newly discovered evidence.  Specifically, he references the government's discovery file, which he alleges was not given to him until after he entered his plea. (*Id.*)

Putting to the side his "new evidence" argument for a moment, the Court is of the opinion that while the collateral bar is binding, it is not absolute in this instance. The collateral waiver did not limit Fields' ability to collaterally attack his *conviction*. Again, under the agreement he "expressly waive[d] the right to appeal the conviction and sentence and the right to collaterally attack *the sentence* in any post-conviction proceeding, including a § 2255 proceeding, on any ground. . . ." (Cr. doc. 297 at 8 (emphasis added).) Hence, the government cannot rely upon the collateral appeal waiver as an absolute bar to filing a § 2255 motion.

As the government correctly points out (doc. 5 at 6-7), however, a defendant who enters an unconditional plea of guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred *prior* to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (emphasis added). "A defendant's plea of guilty, made knowingly, voluntarily, and with the benefit of competent counsel, waives all non-jurisdictional defects in that defendant's court proceedings." *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997) (citing *United States v. Yunis*, 723 F.2d 795, 796

(11th Cir. 1984)); *see also United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003); *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986) (per curiam).  Hence, any claims attacking Fields' conviction (other than jurisdictional claims) were waived by his guilty plea and any claims attacking his sentence were waived by the collateral appeal waiver.  The conviction waiver rule applies both on appeal and on collateral attack. *See United States v. Broce*, 488 U.S. 563 at 569 (1989). "A defendant who wishes to preserve appellate review of a non-jurisdictional defect while at the same time pleading guilty can do so only by entering a 'conditional guilty plea' in accordance with Federal Rule of Criminal Procedure 11(a)(2)." *Pierre*, 120 F.3d at 1155.  Fields did not enter a conditional plea.

Again, that waiver, like the collateral attack waiver, is not absolute. Fields may still challenge his conviction by showing that the advice he received from his counsel undermined "the voluntary and intelligent character of the plea." *Tollett*, 411 U.S. at 267; *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).[2]  Yet, he has not raised an attorney ineffectiveness

---

[2] This same rule would apply even if Fields' collateral waiver had barred him

claim showing that his attorney's pre-plea advice was deficient.³ His assertion that he should be permitted to proceed based upon "newly

---

from attacking his conviction. Collateral attack waivers never prevent an attorney ineffectiveness argument as to deficient plea advice. *See Patel v. United States*, 252 F. App'x 970, 974-75 (11th Cir. 2007).

³ All of Fields' claims arose pre-plea and are non-jurisdictional. He claims that the cell phone intercepts leading to the charge were illegal, the use of a tracking device on the vehicle that he drove was illegal, the "search and seizure" of the vehicle was illegal, and the informants used in his case were used illegally since they were never sworn. (Doc. 1 at 4-8.)

He does not explicitly raise an attorney ineffectiveness claim. In fact, he explains in his reply to the government's motion to dismiss that he did not raise such a claim because it would be too difficult to prove. (Doc. 6 at 1-2.) He still suggests, however, that his attorney coerced him to enter the plea and failed to investigate his case. (*Id.*) Even assuming that he meant to amend his motion to state an ineffectiveness claim, it is doomed to fail.

In determining whether counsel's ineffectiveness undermined the plea, the Court is guided by *Hill v. Lockhart*, 474 U.S. 52 (1985), which advanced a slightly modified version of the ineffective assistance of counsel test first announced in *Strickland v. Washington*, 466 U.S. 668 (1984). Where a movant enters a plea of guilty, he must first demonstrate that his attorney's performance was deficient, which requires a showing that counsel's advice regarding the plea was outside the "range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)); *see Tollett*, 411 U.S. at 267. Second, he must demonstrate that the defective performance prejudiced the plea process to such a degree that the plea cannot be trusted. *Hill*, 474 U.S. at 59. Applying those principles, it is clear Fields fails to show any deficiency on counsel's part.

Fields' suggestion that counsel failed to investigate the case is conclusory at best. Similarly, any "coercion" caused by fear of facing a life sentence is not the kind of coercion that can invalidate a plea. That "coercion" is the type that *every* defendant faces when forced to decide whether to accept a plea agreement. And Fields' assertion that counsel advised him that he had no choice but to plea is contradicted by his Rule 11 hearing testimony. He admitted that he gave his

discovered evidence" is flatly contrary to his Rule 11 testimony.[4] There, he admitted that his attorney had discussed with him all of the discovery provided by the government. (Cr. doc. 338 at 19.) Hence, even if he did not receive the entire packet until after his conviction, it was not the first time that he had seen the information, and he does not now suggest otherwise. As his plea was knowing, voluntary, and intelligent, Fields waived all of his conviction-attacking claims.

For all of the reasons explained above, Fields' § 2255 motion should be **DENIED**. Moreover, applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court

---

attorney free rein to pursue a plea agreement and was repeatedly given the opportunity to back out of the plea but did not do so. Finally, his suggestion that counsel's ineffectiveness in researching the four claims he raises in his § 2255 motion prejudiced his plea is inadequate to call the plea itself into doubt. Not only has he failed to show that any failure on counsel's part was prejudicial, the claims are simply too tenuously connected to the plea itself to merit serious consideration. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("Wilson's claim of ineffective assistance is not about his decision to plead guilty . . . [so] the Court did not err in dismissing Wilson's claim, as it involves pre-plea issues, without conducting an evidentiary hearing); *Hutchins v. Sec'y for Dep't of Corr.*, 273 F. App'x 777, 778 (11th Cir. 2008). Otherwise, the *Tollett* exception would swallow the guilty-plea waiver rule.

[4] In theory, Fields could raise constitutional errors that affected his conviction and arose post-plea. His newly discovered evidence argument might have had some heft in that regard, but the claim is meritless in any event.

11

discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, in forma pauperis status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this <u>28th</u> day of October, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA